LAS PIEDRAS CONSTRUCTION CORPORATION, demandante y recurrente, *v.* MUNICIPIO DE DORADO, demandado y recurrido.

Número: RE-93-216          Resuelto: 28 de enero de 1994

*Diana López Feliciano* y *José Luis Vilá Pérez*, abogados de los recurrentes; *Jesús E. Palmer*, abogado del recurrido; *José A. Fernández Paoli*, de *Martínez, Álvarez, Fernández Monroig, Menéndez Cortada & Lefranc Romero*, abogado del *amicus curiae*, la Asociación de Contratistas Generales, capítulo de Puerto Rico.

PER CURIAM:

# I

La Autoridad de Carreteras de Puerto Rico adjudicó a Las Piedras Construction Corp. (Las Piedras) la construcción de 3.85 kilómetros del proyecto Expreso De Diego que atraviesa el Municipio de Dorado. En junio de 1989 la Oficina de Finanzas de dicho municipio le requirió el pago de un arbitrio sobre el valor total de la obra a realizarse. Se fundamentó en la Ordenanza Núm. 28 que impone un arbitrio sobre toda obra de construcción que se realice en Dorado.

No conforme, Las Piedras demandó al Municipio de Dorado solicitando sentencia declaratoria a su favor. En síntesis, alegó que el pago del arbitrio constituía una doble tributación, pues estaría pagando un arbitrio *más* la patente municipal. Adujo, además, que era irrazonablemente alto y excedía los límites establecidos por la Ley de Patentes Municipales. Finalmente, alegó que la ordenanza adolecía de vaguedad.

Ante la inexistencia de controversia de hechos, previo memorandos de derecho, el Tribunal Superior, Sala de Bayamón (Hon. Benigno Dapena Yordán, Juez) desestimó. Concluyó, en *primer* lugar, que nuestra Constitución facultaba a la Asamblea Legislativa para autorizar a los municipios a imponer y cobrar contribuciones. A esos efectos, indicó que el Art. 7.02 de la Ley Orgánica de los Municipios de Puerto Rico, 21 L.P.R.A. ant. sec. 2054, permite imponer y cobrar arbitrios y contribuciones sobre materias que no hayan sido objeto de tributación por parte del Estado y, además, el cobro de patentes municipales. En virtud de esa disposición, el foro de instancia estimó que "el municipio posee la facultad de imponer el arbitrio en controversia y que el mismo · no constituye un ejercicio de doble tributación". Apéndice, pág. 11. En *segundo* lugar, resolvió que la Ley Orgánica de los Municipios de Puerto Rico no

estableció límite, sino que sólo dispuso que los arbitrios fueran razonables. Y, *finalmente*, sentenció que la Ordenanza Núm. 28 no adolecía de vaguedad, pues establecía las obras sujetas al pago de arbitrios y cómo se calcularían.

Mediante orden de mostrar causa, a solicitud de Las Piedras, revisamos.[1] Contamos con la comparecencia de las partes y de la Asociación de Contratistas Generales de Puerto Rico en calidad de *amicus curiae*.

## II

Procede revocar. El arbitrio que origina esta controversia fue impuesto en 1989; por ende, resolvemos al amparo de la Ley de Patentes Municipales vigente a esa fecha.[2] Veamos.

 Sabido es que "[l]os municipios carecen de poder

---

[1] Discute los señalamientos siguientes:

"A. La Ordenanza no impone arbitrio a la construcción de carreteras, ni señala al Recurrente como la persona responsable de pagar la contribución, si alguna fuera imponible. La Ordenanza debe ser interpretada a tenor con sus propios y expresos términos, no para extender sus disposiciones más allá del lenguaje usado o para incluir materias no específicamente mencionadas por la Asamblea Municipal.

"B. Erró el Tribunal Superior al concluir que el Municipio tiene autoridad para imponer una contribución en exceso a lo permitido por la Sección 5 de la Ley de Patentes Municipales. El Municipio no puede validar una contribución, que como cuestión de realidad es ilegal, meramente cambiándole el nombre o describiéndola en forma diferente.

"C. El Tribunal Superior no tomó en consideración que la Ordenanza impone arbitrio en exceso de lo expresamente permitido bajo la Sección 1.005 de la Ley de Arbitrios del Estado Libre Asociado de Puerto Rico de 1987."

[2] Advertimos que mediante el Art. 2 de la Ley Núm. 93 de 17 de noviembre de 1992, la Asamblea Legislativa enmendó la Sec. 3 de la Ley de Patentes Municipales del modo siguiente:

"La facultad que por las secs. 651a a 652y de este título se confiere a los municipios para imponer patentes sobre el volumen de negocios realizado por persona o entidades dentro de sus límites territoriales *en forma alguna se interpretará que priva o limita las facultades de los municipios para imponer contribuciones, arbitrios*, impuestos, licencias, derechos, tasas y tarifas sobre cualesquiera otros renglones, no incompatibles con la tributación impuesta por el Estado, cuando los objetos y actividades sujetos a tributación se lleven a cabo dentro de los límites territoriales del municipio. *La tributación de un objeto o actividad se considerará un acto separado y distinto no incluido o inherente al tributo que se impone sobre el volumen de negocios que sirve de base para imponer las patentes.*" (Énfasis suplido.) 21 L.P.R.A. sec. 651b.

inherente para imponer tributos. Mediante mandato claro y expreso la Legislatura puede delegar esta facultad. *Rubert v. Sancho Bonet, Tes.*, 58 D.P.R. 198 (1941). A tal efecto ... la Ley Orgánica de los Municipios —Ley Núm. 146 de 18 de junio de 1980 (21 L.P.R.A. sec.2001 *et seq.*)— como regla general, reconoce el poder de tributación municipal ... sobre materias no incompatibles con la tributación impuesta por el Estado mediante la Ley Núm. 113, [Ley de Patentes Municipales, 21 L.P.R.A. sec. 651]". *Banco Popular v. Mun. de Mayagüez*, 120 D.P.R. 692, 696–697 (1988).

■ La Ley de Patentes Municipales, 21 L.P.R.A. sec. 651c, impone el pago de una patente municipal a "toda persona dedicada con fines de lucro a la prestación de cualquier servicio, a la venta de cualquier bien, a cualquier negocio financiero o a cualquier industria o negocio ...". Su Sec. 7 (21 L.P.R.A. sec. 651f) señala que la patente se computará tomando como fundamento "el volumen de negocios" que equivale a "los *ingresos brutos que se reciben o se devenguen* por la prestación de cualquier servicio, por la venta de cualquier bien, o por cualquier *otra* industria o negocio", Sec. 2 (21 L.P.R.A. sec. 651a(a)(6)). Por otro lado, mediante la Ordenanza Núm. 28 "[s]e imponen los derechos, arbitrios e impuestos que más adelante se detallan por concepto de erección, construcción, ampliación, alteración o mejora de cualquier obra, estructura y/o edificación, excavaciones, servidumbres en las calles, carreteras dentro de los límites territoriales del Municipio de Dorado". Apéndice, pág. 157.

■ La Ley de Patentes Municipales computa el impuesto a base del ingreso bruto del contratista, equivalente a lo que le pagan por la obra, y la Ordenanza Núm. 28 que nos ocupa, *también* dispone que el impuesto se determinará en virtud del costo de la obra. Constituye, pues, un esquema de doble tributación al recaer ambos impuestos sobre *el mismo evento económico*, ya que el ingreso bruto que recibe el contratista está comprendido en el costo de la

obra, concurriendo así los criterios que hemos esbozado para identificar este tipo de esquema: (a) misma propiedad; (b) misma entidad gubernamental; (c) mismo período contributivo, y (d) para el mismo fin. *Sucn. Giusti v. Tribl. de Contribuciones*, 70 D.P.R. 117, 122–123 (1949); *Monllor & Boscio, Sucrs. v. Sancho Bonet, Tes.*, 61 D.P.R. 67, 69 (1942). Como expresamos en *Maristany v. Srio. de Hacienda*, 94 D.P.R. 291, 300 (1967), "el nombre que se le da a una contribución carece de importancia, y la verdadera naturaleza de la misma se fija más bien por su incidencia; y que cuando está en controversia el hecho de si una contribución contraviene derechos constitucionales garantizados, no es la forma de la misma, ni su definición o interpretación lo que hace el caso, sino el efecto práctico o las consecuencias de dicha contribución como cuestión de realidad, en su aplicación y funcionamiento". Véase, también, *C.H. Vehicle Leasing v. E.L.A.*, 107 D.P.R. 94, 101–102 (1978).

■ Establecida la doble tributación, resolvemos que la misma no es válida en derecho. En Puerto Rico no existe prohibición constitucional a la doble tributación; sin embargo, al imponerse, la intención legislativa debe ser clara y explícita, ya que nunca se presume. *Asoc. Hoteles y Turismo de P.R. v. E.L.A.*, 131 D.P.R. 814 (1992); *San Miguel & Cía. v. Diez de Andino, Tes.*, 71 D.P.R. 344, 351–353 (1950); *Sucn. Giusti v. Tribl. Contribuciones*, supra, pág. 122.

■ No existe disposición en la Ley de Patentes Municipales que clara y explícitamente permita a los municipios establecer un esquema de doble tributación. El arbitrio es ilegal y el Municipio de Dorado está impedido de cobrarlo.

*Se expedirá el auto y dictará sentencia revocatoria.*