Rexach Construction Company, apelada, *v.* Municipio de
Aguadilla, apelante.

*Número:* AC-94-43          *Resuelto:* 6 de diciembre de 1996

*Gregorio Igartúa*, abogado de la parte apelante; *Russel A. Del Toro* y *Laura Escalante Facundo*, de *Del Toro & Santana*, abogados de la parte apelada.

PER CURIAM: En *Las Piedras Const. Corp. v. Mun. de Dorado*, 134 D.P.R. 1018 (1994), anulamos un arbitrio porque constituía un esquema impermisible de doble tributación sobre un mismo evento económico. Dispusimos, además, que hasta que entró en vigor la Ley Núm. 93 de 17 de noviembre de 1992 (21 L.P.R.A. sec. 1a *et seq.*), la Ley de Patentes Municipales vigente desde 1974[1] no lo autorizaba.[2]

Subsiguientemente se iniciaron varias acciones judiciales en las que los promoventes reclamaron la devolución de los arbitrios de construcción pagados a diversos municipios. Planteaban si la decisión de *Las Piedras Const. Corp. v. Mun. de Dorado*, supra, era retroactiva. Por su carácter repetitivo, acordamos expedir y pautar sobre tal extremo.[3]

# I

Luan Investment Corp. contrató a Rexach Construction Corp., Inc. (en adelante Rexach) para edificar un centro comercial en el municipio de Aguadilla (en adelante el Municipio). Como condición previa para obtener el permiso de construcción, el 22 de abril de 1991 Rexach pagó ciento

[1] Sec. 3 de la Ley Núm. 113 (Parte 1) de 14 de noviembre de 1974 (21 L.P.R.A. sec. 651b).

[2] Reiteramos ese dictamen en *Nogama Const. Corp. v. Mun. de Aibonito*, 136 D.P.R. 146 (1994).

[3] *Rexach Construction Company v. Municipio de Manatí*, Caso Núm. AC-96-44, negativa por falta de jurisdicción; *Bird Construction Company v. Municipio de Naguabo*, Caso Núm. AC-96-26, Sentencia (Regla 54) de 24 de abril de 1996, confirmatoria del dictamen del Tribunal de Circuito de Apelaciones que concluyó que la acción había caducado, y *Municipio de Guayanilla v. Constructora Lluch*, Caso Núm. CC-96-58, resuelto el 21 de marzo de 1996 con un No Ha Lugar. El Juez Asociado Señor Fuster Berlingeri hubiese expedido "para pautar".

ochenta y un mil ochenta dólares ($181,080) en concepto de arbitrios[4] conforme la Ordenanza Núm. 15 1977–78.

En 1994, *tres (3) años después*, Rexach solicitó el reintegro de los arbitrios pagados en abril de 1991. El Municipio denegó su petición a base de que no impugnó su pago dentro de los veinte (20) días de conocer la determinación administrativa municipal.

En junio de 1994, Rexach demandó al Municipio en el Tribunal Superior, Sala de Aguadilla. El ilustrado tribunal de instancia (Hon. Miguel A. Montalvo Rosario, Juez) ordenó el reintegro. El reputado Tribunal de Circuito de Apelaciones (Hons. Germán Brau Ramírez, Ismael Colón Birriel y Pedro Delgado Hernández, Js.) lo confirmó. El Municipio acudió ante nos. Éste aduce caducidad en la solicitud de reintegro de Rexach y error al aplicar nuestra jurisprudencia retroactivamente.

## II

En el ámbito judicial, en más de una ocasión hemos dicho que una decisión puede tener tanto un efecto prospectivo como retroactivo.[5] "No existe reparo constitucional alguno para que un tribunal de última instancia al anunciar una norma doctrinaria seleccione si la misma ha de [ser retroactiva o prospectiva]." *Monclova v. Financial Credit Corp.*, 83 D.P.R. 770, 787 esc. 15 (1961). Se trata del ejercicio discrecional judicial fundado en "consideraciones de política pública y orden social, puesto que nuestro norte debe ser 'conceder remedios justos y equitativos que res-

---

[4] Rexach también cumplió con el pago correspondiente a las patentes municipales a base de su volumen de ventas en el Municipio de Aguadilla (en adelante el Municipio).

[5] La Constitución prohíbe expresamente la retroactividad de las leyes al señalar que no se aprobarán leyes *ex post facto*. Art. II, Sec. 12, Const. E.L.A., L.P.R.A., Tomo 1. Igual prohibición contiene el Art. 3 del Código Civil, 31 L.P.R.A. sec. 3. En ningún caso podrá el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior. Véase *Vázquez v. Morales*, 114 D.P.R. 822 (1983).

pondan a la mejor convivencia social' ". Véase *Gorbea Vallés v. Registrador*, 131 D.P.R. 10, 16–18 (1992).

Como criterios rectores para declarar la retroactividad o prospectividad de una determinación judicial hemos reconocido: (1) el propósito de la nueva regla para determinar si su retroactividad lo adelanta; (2) la confianza depositada en la antigua norma, y (3) el efecto de la nueva regla en la administración de la justicia.

No obstante, en última instancia, la determinación se fundamentará en consideraciones de índole social, a la luz de los hechos y las circunstancias particulares de cada caso. *Quiles Rodríguez v. Supte. Policía*, 139 D.P.R. 272 (1995); *Gorbea Vallés v. Registrador*, supra; *Pueblo v. Báez Cintrón*, 102 D.P.R. 30 (1974); *Pueblo v. Cruz Jiménez*, 99 D.P.R. 565 (1971). A fin de cuentas, darle sólo efectos prospectivos a una decisión está fundamentado en una actitud de mesura judicial tendente "a evitar dislocaciones violentas en un sistema económico que se ha estructurado confiando en un estado de la jurisprudencia". *Monclova v. Financial Credit Corp.*, supra, pág. 787.

## III

En el caso de autos, Rexach pretende aplicar nuestra decisión de 1994 de *Las Piedras Const. Corp. v. Mun. de Dorado*, supra, a una situación ocurrida en 1991. A la luz de los criterios expuestos no procede.

*Primero*, en *Las Piedras Const. Corp. v. Mun. de Dorado*, supra, nos abstuvimos de conferirle a la norma un carácter retroactivo. *Segundo*, un pronunciamiento a esos efectos sería contrario a la intención de la Asamblea Legislativa, que precisamente enmendó la ley en 1992 para autorizar esa doble tributación. *Tercero*, tenemos que presumir que el costo de la partida reclamada fue visualizado e

incluido al presupuestarse la obra de Luan y, eventualmente, cobrado por Rexach.[6] *Cuarto*, aplicar la norma retroactivamente conllevaría una proliferación de casos y reclamaciones y tendría un efecto perjudicial sustancial sobre las arcas municipales en todo Puerto Rico. *Quinto*, no creemos que su aplicación retroactiva adelante el propósito de que la imposición de doble tributación emane de un mandato legislativo claro y expreso.

*Se dictará la correspondiente sentencia revocatoria.*

---

[6] De ordinario se trata de un gasto que ha de ser tomado en cuenta al rendirse la planilla de contribución.