CARMEN ANDINO, demandante y peticionaria, *v.* TOPEKA, INC., demandada y recurrida.

*Número:* CC-96-392          *Resuelto:* 10 de abril de 1997

*Ángel Marrero Figardella*, abogado de la peticionaria; *Carlos Bobonis González*, de *Bobonis, Bobonis & Rodríguez Poventud*, abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

[E]n nuestro Foro la moción en la que se solicita enmiendas o determinaciones adicionales se utiliza con un propósito ajeno al que persigue la regla. Frecuentemente sólo se persigue interrumpir el término para solicitar apelación o certiorari. (Énfasis suplido.) Comentario a la Regla 43.3, Informe de Reglas de Procedimiento Civil, Propuesta del Comité Asesor Permanente de Reglas de Procedimiento Civil a la 19na Sesión Plenaria, Conferencia Judicial de Puerto Rico, 1996, pág. 190.

El 14 de octubre de 1994, Carmen Andino presentó ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, una querella por despido injustificado contra Topeka, Inc. (en adelante Topeka) bajo la Ley Núm. 115 de 20 de diciembre de 1991 (29 L.P.R.A. sec. 194 *et seq.*). Invocó el trámite sumario de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118. En síntesis, reclamó daños por salarios no percibidos y por perjuicios y angustias mentales en una suma no menor de doscientos mil dólares ($200,000) que no incluye lucro cesante. To-

peka le pagó la compensación por mesada dispuesta por la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. sec. 185a *et seq.* El 3 de marzo de 1995, Andino enmendó la querella para eliminar su reclamación de pago de horas extra trabajadas y no pagadas.

Luego de varios incidentes procesales, Topeka solicitó y obtuvo sentencia sumaria a su favor. En su sentencia, el ilustrado tribunal (Hon. César N. Cordero Rabell, J.) relacionó los antecedentes procesales, consignó las determinaciones de hecho que no estaban en controversia y expuso su análisis y evaluación jurídica. Al formular sus determinaciones de hecho, tomó en cuenta unos fragmentos que citó de una deposición de la señora Andino. En su exposición jurídica adjudicativa concluyó:

> Por último, la señora Andino fundamenta sus alegaciones de despido por discrimen o represalias en el testimonio ofrecido durante la deposición que le tomara su ex-patrono. Mediante dicho testimonio, aseguró que fue despedida por informar a su supervisora, señora Crespo, que acudiría al Departamento del Trabajo para levantar una queja en su contra por la forma en que ésta le había regañado. Según la señora Andino, dicho comportamiento violenta las disposiciones de dicha Ley.
>
> Procede, pues, resolver el caso mediante el mecanismo de sentencia sumaria, ya que lo que nos corresponde dilucidar es una controversia de derechos sobre la aplicación de la Ley Núm. 115, *supra.*

Esta sentencia fue archivada en autos y notificada el 6 de mayo de 1996.

Así las cosas, el 16 de mayo, la señora Andino presentó un escrito titulado Moción Solicitando Determinaciones de Hechos y de Derecho Adicionales, bajo la Regla 43.3 y de Reconsideración. Luego de referirse a la sentencia y a su notificación, en lo pertinente, expresó:

> ` 2.    ...mediante la presente y a tenor con la Regla 43.3 de las de Procedimiento Civil, esta parte querellante solicita de este Honorable Tribunal, *haga determinaciones de hecho y de derecho con respecto a lo que surge de la deposición que obra en autos.*
>
> 3.    Con el mayor de los respetos y en virtud de la Regla 47 de las Reglas de Procedimiento Civil Transitorias, en vigor desde

el 24 de enero de 1995, solicitamos la reconsideración de la referida determinación por los siguientes fundamentos.

4. En primer término debemos aclarar que la presente causa de acción no se trata de una demanda ordinaria sino de una querella sobre despido injustificado, represalias y discrimen al amparo del procedimiento sumario establecido en la Ley Núm. 2 de 17 de octubre de 1961.

5. Finalmente, solicitamos de este Honorable Tribunal la reconsideración por razón de que la Ley 115, bajo la cual se radicó la presente causa de acción, incluyó el intento de ofrecer testimonio. Cuando la ley es clara se observará su letra. Véase Artículo 14 del Código Civil. Además, tratándose de una legislación laboral de carácter reparador debemos interpretar la misma liberalmente y no restrictivamente.

POR TODO LO CUAL, se solicita de este Honorable Tribunal muy respetuosamente, *haga determinaciones de hecho* y conclusiones de derecho y reconsidere la determinación tomada en el presente caso, con cualquier otro pronunciamiento que en derecho proceda. (Énfasis suplido.)

En síntesis —*sin hacer ninguna especificación* y de manera general— sólo pidió al tribunal de instancia que hiciera determinaciones de hecho y de derecho adicionales "con respecto a lo que surge de la deposición que obra en autos" y, además, que reconsiderara la sentencia, pues "la presente causa de acción no se trata de una demanda ordinaria sino de una querella sobre despido injustificado, represalias y discrimen al amparo del procedimiento sumario establecido en la Ley Núm. 2 del 17 de octubre de 1961". Dicho foro la denegó mediante resolución, copia de la cual se archivó en autos y se notificó el 22 de mayo.

Inconforme, la señora Andino apeló al Tribunal de Circuito de Apelaciones el 12 de junio, o sea, treinta y siete (37) días después de archivada en autos copia de la notificación de la sentencia y diecinueve (19) días del archivo de la notificación de la resolución que denegó la moción. El 17 de septiembre de 1996 el reputado Tribunal de Circuito de Apelaciones (Honorables Sánchez Martínez, Broco Oliveras y Urgell Cuebas, Js.) *desestimó el recurso por falta de jurisdicción*. Razonó que, al ser un principio conocido del derecho procesal que el título de los escritos no determina su naturaleza, para que una solicitud de determinaciones

de hecho y de derecho adicionales surta el efecto interruptor de la Regla 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, tenía que ser realmente una moción suficiente en su faz.

Mediante *certiorari*, la señora Andino acudió ante nos y cuestionó ese dictamen.[1] Revisamos vía mostración de causa.

## II

En apariencia, las Reglas 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y 43.4 de Procedimiento Civil, *supra*,[2] no visualizan otro requisito interruptor que no sea presentar dicha moción dentro de diez (10) días. No obstante, esa interpretación no armoniza con el principio rector procesal que inspira la solución justa, rápida y económica de todo pleito. Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

El reputado Tribunal de Circuito de Apelaciones profundizó en el espíritu de las reglas y estimó que para

---

[1] Como único error señalado expone:

"Erró el Honorable Tribunal de Circuito de Apelaciones al determinar que la oportuna presentación de una moción en virtud de la Regla 43.3 de las de Procedimiento Civil ante el Tribunal de Primera Instancia no interrumpió el término para apelar o solicitar revisión en este caso."

[2] Respectivamente disponen:

"No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar diez (10) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubieren hecho por ser innecesarias, de acuerdo a la Regla 43.2, o podrá enmendar o hacer determinaciones adicionales, y podrá enmendar la sentencia de conformidad. La moción se podrá acumular con una moción de reconsideración o de nuevo juicio de acuerdo con las Reglas 47 y 48 respectivamente. En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, o no haya presentado moción para enmendarlas, o no haya solicitado sentencia." 32 L.P.R.A. Ap. III, R. 43.3.

"Radicada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, quedarán interrumpidos los términos que establecen las Reglas 47, 48 y 53, para todas las partes. Estos términos comenzarán a correr nuevamente tan pronto se archive en autos copia de la notificación de las determinaciones y conclusiones solicitadas." 32 L.P.R.A. Ap. III, R. 43.4.

una solicitud de determinaciones adicionales interrumpir el término apelativo, no basta que su título exprese que se piden tales determinaciones de hecho o de derecho, sino que debe contener una relación, aunque sea sucinta, de cuáles son los hechos que a juicio del promovente no han sido determinados por el tribunal sentenciador, cuando deben serlo. Compartimos ese criterio.

Las determinaciones de hecho en una sentencia de un tribunal de instancia responden a unos axiomas elementales vinculados con la difícil tarea de hacer justicia, a saber, *los hechos determinan el derecho y para juzgar hay que conocer*. Una sentencia bien explicada (tanto en sus hechos como en sus fundamentos de derecho) tiende a reducir el riesgo de arbitrariedad judicial, evita la sensación de elemento misterioso, obliga al juez a penetrar en un proceso reflexivo de inteligencia y promueve un mejor entendimiento y respeto hacia los tribunales. También, ayuda a los abogados y las partes afectadas a entender el por qué de la decisión. Así, éstos pueden, mejor informados, decidir si la revisan o la aceptan. La experiencia nos enseña que, dentro de ciertos límites, puede discreparse de una apreciación fáctica o que hay espacio para una interpretación jurídica distinta; lo importante es evitar que prevalezcan dictámenes judiciales caprichosos faltos de fundamentos o hijos de la irreflexión. Más allá de esa instancia, una sentencia explicada y fundamentada facilita la función revisora del foro apelativo al presentarle el cuadro fáctico claro que nutrió la conciencia judicial del juzgador. *Torres García v. Dávila Díaz y otros*, 140 D.P.R. 83 (1996); *Sucn. Osorio v. Osorio*, 102 D.P.R. 249, 251 (1974); *Firpi v. Pan American World Airways, Inc.*, 89 D.P.R. 197, 218 (1963). Véase, además, 9A *Wright and Miller, Federal Practice and Procedure: Civil 2d* Sec. 2571 (1995).([3]) Finalmente, pro-

---

([3]) Aún así, hemos resuelto que la inobservancia de la Regla 43.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, no es razón para revocar si tenemos una clara comprensión de la base en que descansó el foro de instancia. *Sucn. Osorio v. Osorio*, 102 D.P.R. 249, 251 (1974).

mueve la uniformidad, pues la formulación de razones y fundamentos estimula que en la dinámica decisoria los jueces utilicemos criterios análogos para situaciones similares o sustancialmente parecidas.

▇▇▇ Sin embargo, aunque aspiramos a la mayor aproximación al ideal de justicia perfecta, sabemos que la labor judicial no está exenta de errores. Una parte afectada, insatisfecha con una sentencia, puede hacer uso de las reglas y *legítimamente* solicitar determinaciones adicionales o sus enmiendas para una apelación, dentro del término fatal de diez (10) días, a partir del archivo en autos de copia de la notificación de la sentencia. Si bien puede acumularla con una moción de reconsideración, ello no extiende el término apelativo.[4]

▇▇▇ No obstante, la Regla 43.3 de Procedimiento Civil, *supra*, sobre determinaciones de hechos adicionales, salvo por su *efecto incidental*, no tiene el propósito de *aumentar* el término jurisdiccional para apelar o presentar un *certiorari*. En su proyección adjudicativa inmediata, su razón de ser es brindarle al tribunal sentenciador la oportunidad de enmendar o corregir cualquier error cometido, esto es, hacer cumplida justicia. *Dumont v. Inmobiliaria Estado, Inc.*, 113 D.P.R. 406 (1982); *Soc. de Gananciales v. A.F.F.*, 108 D.P.R. 644 (1979); *Castro v. Rexach Racing & Sporting Corp.*, 60 D.P.R. 301 (1942). Su acumulación con una solicitud de reconsideración, no altera su naturaleza. *Con mayor justificación, la práctica forense exige que toda moción sobre determinaciones de hechos adicionales o de enmienda constituya una propuesta que exponga, con suficiente particularidad y especificidad,[5] los hechos que el promovente estima probados*, y fundarse en *cuestiones sus-*

---

[4] Adviértase que bajo la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, una solicitud de reconsideración sólo interrumpe si el Tribunal la acoge y adopta alguna determinación. *Soc. de Gananciales v. A.F.F.*, 108 D.P.R. 644, 646 (1979); *Suárez v. Flamingo Homes, Inc.*, 102 D.P.R. 664, 669 (1974).

[5] Para un buen ejemplo, en nuestra jurisprudencia, de la mejor práctica, véase *Casiano Sales v. Lozada Torres*, 91 D.P.R. 488, 494–496 (1964).

*tanciales* relacionadas con determinaciones de hecho pertinentes o conclusiones de derecho materiales. J. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1979, Vol. II, pág. 230. Lo contrario es pedirle al juzgador actuar a ciegas o convertirlo en adivino.

### III

En el caso de autos, la sentencia del tribunal de instancia refleja un análisis ponderado, incluso la lectura y las determinaciones sobre la deposición de la señora Andino, ampliamente discutidas en la solicitud y oposición a la sentencia sumaria. En su moción de determinaciones de hecho adicionales, ella no particularizó nada; simplemente, de modo general, pidió determinaciones de lo que surgía de la deposición. Al igual que el tribunal de instancia y el Tribunal de Circuito de Apelaciones, desconocemos cuáles eran las determinaciones adicionales interesadas, dimanantes de su deposición; tampoco su pertinencia para fines de una apropiada revisión de la sentencia. ¿Por qué omitió señalarlas específicamente?

En estas circunstancias, coincidimos con el Tribunal de Circuito de Apelaciones de que el título no era lo determinante, sino su contenido.[6] Todos los indicadores objetivos apuntan a que se presentó, y así la denominó, con el único fin de interrumpir el término jurisdiccional apelativo. Desprovista de esa etiqueta, se trataba de una moción de reconsideración rechazada que no interrumpió el término para apelar vencido el 5 de junio de 1996. Su posterior presentación fue fatalmente tardía.

---

[6] Al dispensar justicia hacemos caso omiso de los nombres o títulos erróneamente puestos y vamos al contenido. *P.R. Amer. Ins. Co. v. P.R. Park System*, 108 D.P.R. 106 (1978); Correa Negrón v. Pueblo, 104 D.P.R. 286 (1975); *U.P.R. v. Merced Rosa*, 102 D.P.R. 512, 513 (1974); *Lebrón Velázquez v. Romero Barceló*, 101 D.P.R. 915 (1974); *Cruz v. Director de la Lotería*, 94 D.P.R. 260 (1967); *Corrada v. Asamblea Municipal*, 79 D.P.R. 365 (1956). Además, véase, Regla 71 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

*Se dictará sentencia confirmatoria.*

El Juez Asociado Señor Fuster Berlingeri concurrió con el resultado sin una opinión escrita. El Juez Asociado Señor Rebollo López no intervino.