EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Isla Verde Rental Equipment Corporation<br><br>Demandante-Recurrida<br><br>v.<br><br>Miran García Santiago<br><br>Demandada–Peticionaria | Certiorari<br><br>2005 TSPR 122<br><br>165 DPR _____ |

Número del Caso: CC-2000-695

Fecha: 31 de agosto de 2005

Tribunal de Circuito de Apelaciones:

> Circuito Regional VII de Carolina y Fajardo

Juez Ponente:

> Hon. Rafael L. Martínez Torres

Abogado de la Parte Recurrida:

> Lcdo. Peter Calderón Meléndez

Abogado de la Parte Peticionaria:

> Lcdo. Vicente Sanabria Acevedo

Materia: Cobro de Dinero

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Isla Verde Rental Equipment
Corporation

    Demandante-Recurrida

          v.                          Certiorari
                        CC-2000-695
  Myrna García Santiago

  Demandada-Peticionaria

PER CURIAM

En San Juan, Puerto Rico, a 31 de agosto de 2005.

Debemos resolver si procede aplicar retroactivamente la norma establecida en el caso <u>Andino v. Topeka, Inc.</u>, 142 D.P.R. 933 (1997)[1], ante los hechos particulares del presente caso y tomando en consideración que nuestro deber primordial es hacer justicia.

I.

El 21 de diciembre de 1989, la señora García Santiago alquiló a Isla Verde Rental Equipment Corporation (en adelante Isla Verde Rental) 55 paneles de madera, por un período de 30 días. El

---

[1] Que interpreta la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap.III R. 43.3.

alquiler de estos paneles y el acarreo de los mismos, ascendía a $385.00. Se le requirió, además, un depósito de $300.00 en efectivo, los cuales serían reembolsados al devolverse el material. Unos días antes de cumplirse el término pactado, la señora García Santiago se comunicó telefónicamente con Isla Verde Rental, para que recogiera los paneles. Los empleados de Isla Verde Rental acudieron al lugar pero no se llevaron los paneles porque la señora García Santiago deseaba que se le devolviera el depósito en efectivo y ellos lo traían en cheque. Acordaron que los empleados de Isla Verde Rental regresarían con el dinero en efectivo a recoger los paneles. Como no regresaron, la señora García Santiago llamó a la policía esa misma tarde para solicitar orientación. La policía acudió al lugar a las 6:00 de la tarde y preparó un Informe Sobre Otros Servicios, Informe Número 268 de esa fecha.[2]

Dos meses después, el 22 de marzo de 1990, sin haberse comunicado nuevamente con la señora García Santiago, Isla Verde Rental la demandó en cobro de dinero, aduciendo que ésta debía los cánones de arrendamiento de los meses de enero, febrero y marzo. Según alegó, la deuda ascendía a $765.00, una vez deducida la suma de $300.00 previamente abonada en calidad de depósito. En esa misma fecha, Isla Verde Rental solicitó la expedición de una orden de embargo en aseguramiento de sentencia contra un inmueble propiedad de la demandada. El mandamiento de embargo fue emitido por el foro de instancia el 20 de abril de 1990.

La señora García Santiago fue emplazada por edictos, bajo las disposiciones de la Regla 4.5 de Procedimiento

---

[2] Los hechos surgen de la exposición narrativa estipulada por las partes, que obra en los autos originales del caso y de los escritos de ambas partes.

Civil de Puerto Rico, 32 L.P.R.A. Ap.III, R.4.5, porque según la parte demandante, no fue posible emplazarla personalmente. Al no comparecer, se dictó sentencia en rebeldía en su contra el 19 de febrero de 1991. Sin embargo, luego de varios incidentes procesales, el 20 de septiembre de 1993 el tribunal dejó sin efecto la sentencia, porque la demandada demostró que el emplazamiento por edictos fue autorizado sin que se presentara una declaración jurada del emplazador sobre las diligencias realizadas para tratar de localizarla.

En esa misma fecha, el tribunal permitió a Isla Verde Rental presentar una demanda enmendada, esta vez por la cantidad de $15,675.00, equivalente al arrendamiento de los paneles hasta esa fecha. La demandada contestó alegando que había notificado a la demandante dentro de los 30 días dispuestos por el contrato para que recogiera los paneles y que Isla Verde Rental "compareció a recoger los paneles y se negó a recibirlos, conforme venía obligado a hacer de acuerdo con el contrato", por lo que su reclamación "va en contra de sus propios actos". Además, reconvino alegando: (1) que se le retuvo injustificadamente la cantidad de $300.00 que había entregado en concepto de depósito; (2) que la arrendadora demandante le causó daños al embargar ilegalmente un inmueble de su propiedad en aseguramiento de una sentencia que fue dejada sin efecto por no haberse adquirido jurisdicción sobre su persona y; (3) que se vio impedida de vender ese inmueble a causa del embargo, lo cual le causó daños económicos en $55,000.00. La demandante pidió además $5,000.00 por sufrimientos y angustias mentales y por gastos y honorarios.

El 15 de junio de 1995 se celebró la vista en su fondo. El 28 de diciembre de 1995 el tribunal dictó sentencia declarando con lugar la demanda y denegando la reconvención. El tribunal de instancia concluyó que entre las partes se

celebró un contrato de arrendamiento, que Isla Verde Rental cumplió su obligación de entregar el objeto del contrato y que la demandada "pagó el primer plazo, no así los siguientes". Señaló que la demandada "admitió el día del juicio que sólo había pagado el canon correspondiente a un mes". Condenó entonces a la parte demandada al pago de $355.00 mensuales por cada uno de los meses transcurridos desde el 21 de diciembre de 1990 hasta el 21 de enero de 1996, es decir, un total de $29,820.00, comprendiendo de esa forma el mes de arrendamiento pactado y todos los meses subsiguientes hasta que la sentencia advino final y firme. La parte demandada presentó oportunamente una moción solicitando determinaciones de hechos adicionales y conclusiones de derecho, que fue denegada el 22 de febrero de 1996[3]. Acudió entonces al Tribunal de Apelaciones mediante recurso de apelación presentado el 25 de marzo de 1996. Luego de varias órdenes para que contestara el escrito de apelación y habiéndose sometido la exposición narrativa estipulada, Isla Verde Rental presentó su alegato finalmente el 10 de noviembre de 1998, casi dos años después de presentada la apelación.

El tribunal apelativo dictó sentencia revocando al tribunal de instancia, con el voto disidente de uno de los jueces que entendió que el tribunal apelativo no tenía jurisdicción a la luz del caso <u>Andino v Topeka, Inc.</u>, 142 D.P.R. 933 (1997). [4] Inconforme, Isla Verde Rental solicitó

---

[3]    Según reconoció el Tribunal de Apelaciones en su primera sentencia, "[a] pesar de que el foro judicial de primera instancia denominó un breve párrafo de su dictamen 'determinaciones de hechos', lo cierto es que lo allí contenido no tiene tal alcance y que dicha sentencia carece de las determinaciones de hechos correspondientes...".

[4]    Ese caso, resuelto por el Tribunal Supremo el 10 de abril de 1997, mas de un año después de presentado el recurso ante el Tribunal de Apelaciones, aclara que una moción solicitando determinaciones adicionales de hechos y conclusiones de derecho tiene que exponer con suficiencia y especificidad los hechos que el proponente estime probados para que interrumpa el término para apelar.

reconsideración y el tribunal dictó sentencia en reconsideración el 7 de julio de 2005. Acogió entonces los argumentos de la anterior opinión disidente y resolvió que carecía de jurisdicción para atender el recurso. De esta forma, quedó vigente la sentencia del Tribunal de Primera Instancia.[5] La peticionaria, señora García Santiago, presentó auto de certiorari ante este Tribunal el 9 de agosto de 2000, alegando que:

> **Erró gravemente el Tribunal de apelaciones al desestimar el Recurso por, alegadamente, no haber cumplido nuestra Moción Solicitando Determina-ciones Adicionales de Hechos y Conclusiones de Derecho con lo expuesto en el caso de <u>Andino v. Topeka, Inc.</u>, *supra*, sin tomar en consideración que dicho caso fue resuelto más de un año después de haberse radicado la Apelación.**

El 30 de octubre de 2000 ordenamos a la parte recurrida mostrar causa por la cual no debíamos expedir el auto y revocar la sentencia dictada en este caso. El 15 de noviembre los recurridos presentaron escrito en cumplimiento de orden. Con el beneficio de los argumentos de ambas partes, expedimos el auto de certiorari y resolvemos.

II.

Es deber ineluctable de este Tribunal lograr que "...todo proceso adjudicativo se orient[e] en hallar la verdad y hacer justicia." <u>Valentín v. Mun. De Añasco</u>, 145 D.P.R. 887, 897 (198); <u>Berríos v. U.P.R.</u>, 116 D.P.R. 88, 94 (1985); <u>J.R.T. v. Aut. de Comunicaciones</u>, 110 D.P.R. 879, 884 (1981).

En más de una ocasión hemos expresado que una decisión puede tener tanto un efecto prospectivo como retroactivo. <u>Rexach Const. Co., Inc. v. Mun. De Aguadilla</u>, 142 D.P.R. 85, 87 (1996). Esto, por razón de que "la absoluta retroactividad

sería la muerte de la seguridad y la de la confianza pública, y la absoluta irretroactividad sería la muerte del desenvolvimiento del derecho". R. Calderón Jiménez, *Retroactividad o prospectividad de las decisiones de los tribunales*. 53 (Núms. 2-3) Rev. C. Abo. P.R. 107, 115 (1992) citando a Manresa, *Código Civil Español*, 7ma edición, Instituto Ed. REUS, Madrid (1956) Tomo I pág. 159; Dátiz Vélez v. Hospital Episcopal San Lucas, Res. de 22 de septiembre de 2004, 2004 T.S.P.R. 152, 162 D.P.R.____; Quiles Rodríguez v. Supte. Policía, 139 D.P.R. 272, 277. Los criterios establecidos para declarar la aplicación retroactiva o prospectiva de una determinación judicial son: "(1) el propósito de la nueva regla para determinar si su retroactividad lo adelanta; (2) la confianza depositada en la antigua norma; y (3) el efecto de la nueva regla en la administración de la justicia." Quiles Rodríguez v. Supte. Policía, *supra*, 277 (1995); Rexach Const. Co., Inc. v. Mun. De Aguadilla, *supra,* 88.

En muchas ocasiones hemos dado vigencia prospectiva a ciertas doctrinas jurídicas. Gorbea Vallés v. Registrador, 131 D.P.R. 10, 16 (1992); Correa Vélez v. Carrasquillo, 103 D.P.R. 912, 918 (1975); Rivera Escuté v. Jefe de Penitenciaría, 92 D.P.R. 765, 782 (1965). El criterio utilizado para optar por una de las alternativas "muchas veces es *ad hoc*, dependiendo de la situación fáctica, circunstancias del caso en particular y consideraciones de equidad y hermenéutica. Varias son las alternativas. Podríamos negarnos a imprimirle efecto retroactivo a una regla para, a manera de excepción, proteger solamente un interés en particular". Gorbea Vallés v. Registrador, *supra*; Véase: Pueblo v. Báez Cintrón, 102 D.P.R. 30, 36-37 (1974); Pueblo v. París Medina, 101 D.P.R. 253 (1973); Rivera Escuté v. Jefe de Penitenciaría, *supra*. La decisión

---

[5]   El Juez Rodríguez García disintió.

sobre la aplicación retroactiva de una norma jurisprudencial constituye un ejercicio discrecional basado en "consideraciones de política pública y orden social, [toda vez que nuestro propósito] debe ser 'conceder remedios justos y equitativos que respondan a la mejor convivencia social' ". Gorbea Vallés v. Registrador, *supra*, a las páginas 16-18 (1992); Dátiz Vélez v. Hospital Episcopal San Lucas, *supra*; Rexach Const. Co., Inc. v. Mun. De Aguadilla, *supra*. En última instancia la determinación se fundamentará "a la luz de los hechos y las circunstancias particulares de cada caso." Id; Quiles Rodríguez v. Supte. Policía, *supra*, 277; Gorbea Vallés v. Registrador, *supra*, y otro allí citados.

La Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap.III R. 43.3., concede a las partes la oportunidad de solicitar al tribunal sentenciador determinaciones de hechos y conclusiones de derecho iniciales o enmendar o hacer determinaciones adicionales de hechos y conclusiones de derecho y enmendar la sentencia de conformidad. Esta Regla fue interpretada por este Tribunal en el caso Andino v Topeka, Inc., *supra*, aclarando que para que una moción a estos efectos interrumpa el término para acudir al Tribunal de Apelaciones, tiene que contener una "propuesta que exponga, con suficiente particularidad y especificidad, los hechos que el promovente estima probados, y fundarse en cuestiones sustanciales relacionadas con determinaciones de hecho pertinentes o conclusiones de derecho materiales" Andino v Topeka, Inc., *supra*, 939-940 citando a J. Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan, Pubs. J.T.S., 1979, Vol.II, pág. 230.

Hemos dicho que "[a]l interpretar las Reglas de Procedimiento Civil hay que tener presente, como principio rector, que éstas no tienen vida propia, sólo existen para

viabilizar la consecución del derecho sustantivo de las partes. Para poder impartir justicia al resolver los reclamos de las partes, el tribunal debe hacer un balance equitativo entre los intereses en conflicto ejerciendo especial cuidado al interpretar las reglas procesales para que éstas garanticen una solución *justa, rápida y económica* de la controversia." Regla 1 de Procedimiento Civil, *supra*; <u>Dávila v. Hospital San Miguel</u>, 117 D.P.R. 807, 816 (1986); <u>Lluch v. España Service Sta.</u>, 117 D.P.R. 729 (196). De la miasma forma explicamos en <u>García Negrón v. Tribunal Superior</u>, 104 D.P.R. 727, 729 (1976), que "la función ineludible de este Tribunal consiste en darle vigencia a la norma conforme a este elemento teleológico en su aplicación a casos concretos." <u>García Negrón v. Tribunal Superior</u>, *supra*, 729.

Antes de <u>Andino v. Topeka, Inc.</u>, *supra*, no habíamos hecho una interpretación detallada de la Regla 43.3 de Procedimiento Civil, *supra*, limitándonos en vez a exponer que como consecuencia de la utilización de este recurso se interrumpiría el término para acudir en revisión. En el caso ante nuestra consideración, la peticionaria presentó oportunamente una moción solicitando determinaciones de hechos y conclusiones de derecho adicionales al amparo de la Regla 43.3 de Procedimiento Civil, *supra*, y al ser ésta denegada sometió un escrito de apelación ante el foro intermedio. A ese momento no se había resuelto el caso de <u>Andino v. Topeka, Inc.</u>, *supra*. La peticionaria "estaba confiando en la rutina jurídica de los tribunales y los abogados" vigente hasta entonces. <u>Dátiz Vélez v. Hospital Episcopal San Lucas</u>, *supra*. En efecto, no decidimos el caso de <u>Andino</u> hasta un año después de haberse presentado la apelación.

Atendidas las circunstancias particulares del caso ante nuestra consideración y para lograr cumplida justicia,

resolvemos que no debió aplicarse la interpretación de la Regla 43.3 de Procedimiento Civil que adoptamos en Andino v. Topeka, Inc., *supra*. Por ende, no se debió penalizar a la peticionaria porque su moción de determinaciones adicionales no cumplía con los criterios adoptados en ese caso y erró el Tribunal de Apelaciones al no asumir jurisdicción en este caso.

III.

Procedemos a resolver los méritos del caso que nos ocupa. El contrato entre Isla Verde Rental y la señora García Santiago expresa lo siguiente:

> A los paneles no se les puede abrir barrenos ni dar cortes. **El material se alquila con un uso máximo de 30 días,** en cuya fecha, el cliente, si no ha terminado de usar el material, deberá pasar por nuestra oficina a pagar otra mensualidad y repetir el proceso de nuevo sucesivamente **el cliente avisará personal o telefónicamente la fecha de recogida del material,** que deberá estar limpio de clavos y cemento, sin huecos ni roturas y en el lugar accesible para su acarreo. En caso de deterioro de algún material deberá abonarse el importe del mismo.

La señora García Santiago cumplió con las condiciones de alquiler convenidas. Al terminar de utilizar los paneles se comunicó telefónicamente con Isla Verde Rental para que procedieran a recogerlos. Tan es así, que Isla Verde Rental envió empleados a recoger los paneles, aunque luego no se los llevaron. Alega Isla Verde Rental que la señora García Santiago no quiso aceptar la devolución del depósito en cheque. Ello es cierto, pero Isla Verde Rental no hizo ninguna otra gestión para recuperar sus paneles, simplemente esperó que transcurrieran 2 meses para entonces demandar en cobro de los cánones que alegadamente se le adeudaban.

Concluimos que la demandada expresó, de manera indubitada, que no tenía intención de continuar el

arrendamiento. Por el contrario, llamó por teléfono a Isla Verde Rental para que enviara a sus empleados a recoger los paneles. De esa forma, la demandada cumplió con lo único que le exigía el acuerdo entre las partes para dar por terminado el contrato. Por su parte, el arrendador mandó a buscar los paneles, reconociendo de esa forma que el arrendamiento había terminado. Ello no obstante, no hizo gestión posterior alguna para recoger el material arrendado, obligación que le correspondía según los términos claros del contrato. El foro sentenciador no hizo referencia alguna en su sentencia al contenido específico del contrato entre las partes, como tampoco hizo alusión a los intentos de la demandada de darlo por terminado y lograr que la demandante recogiera los paneles, según acordado. No acertamos a comprender la determinación de dicho foro en cuanto a que la demandada pagó tan sólo el primer plazo más no los subsiguientes, habida cuenta de que el contrato tenía duración **máxima** de un mes.

Por lo anterior, resolvemos que el tribunal sentenciador erró al determinar que la señora García Santiago debía a Isla Verde Rental la suma de $29,820.00, correspondientes al alquiler de los paneles hasta la fecha en que se dictó sentencia. También erró el tribunal al desestimar, sin más, la reconvención de la parte demandada. De igual forma erró el Tribunal de Apelaciones al negarse a ejercer su jurisdicción para revisar la sentencia de instancia, basándose en que la moción de determinación de hechos adicionales presentada en este caso no había interrumpido el término para presentar la apelación. Según explicamos, consideraciones de justicia sustancial impiden la aplicación retroactiva de la doctrina de Andino v. Topeka, Inc., *supra*, a este caso.

Revocamos, pues, la sentencia apelada y la sentencia del foro de instancia. Se dicta sentencia declarando "No ha Lugar" a la demanda de Isla Verde Rental y se devuelve el caso al Tribunal de Primera Instancia para que adjudique lo procedente en torno a la reconvención.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Isla Verde Rental Equipment
Corporation

    Demandante-Recurrida

        v.                           Certiorari

  Myrna García Santiago        CC-2000-695

    Demandada-Peticionaria

SENTENCIA

En San Juan, Puerto Rico, a 31 de agosto de 2005.

Por los fundamentos expuestos anteriormente, los cuales se hacen formar parte integral de la presente, revocamos la sentencia apelada y la sentencia del foro de instancia. Se dicta sentencia declarando "No ha Lugar" a la demanda de Isla Verde Rental y se devuelve el caso al Tribunal de Primera Instancia para que adjudique lo procedente en torno a la reconvención.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton y el Juez Asociado señor Rebollo López concurren con el resultado sin opinión escrita. El Juez Asociado señor Rivera Pérez inhibido.

Aida Ileana Oquendo Graulau
Secretaria General