El Juez Asociado Señor Rebollo López
emitió la opinión del Tribunal.
El 3 de agosto de 2003 Luis F. García Hernández y Blanca L. Rodríguez Medina, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ellos, pre-sentaron una demanda por daños y perjuicios contra, entre otros, Hormigonera Mayagüezana Inc. (Hormigonera) en el Tribunal de Primera Instancia, Sala de Bayamón.(1) Cele-brada la vista en su fondo, el 15 de julio de 2005 el men-cionado tribunal sentenció a Hormigonera a pagar a los demandantes, solidariamente, $985,000 en concepto de indemnización y $25,000 para cubrir las costas y *4 honorarios. Dicha sentencia se notificó el 22 de julio de 2005.
El 29 de julio de 2005 Hormigonera presentó, oportuna-mente, una moción de determinaciones de hechos adicionales. Los demandantes se opusieron a dicha moción. El 21 de noviembre de 2005 el tribunal de instancia emitió una extensa resolución en la cual declaró “sin lugar” la solicitud de determinaciones de hechos adicionales. En ella expresó que en su criterio Hormigonera había presentado dicha moción con el único propósito de interrumpir el tér-mino para acudir al Tribunal de Apelaciones y por ello el término apelativo no quedaba interrumpido. Dicha resolu-ción se notificó el 30 de diciembre de 2005.
El 30 de enero de 2006 Hormigonera acudió en apela-ción ante el Tribunal de Apelaciones. Dicho foro emitió una resolución en la cual ordenó a las partes a expresarse en cuanto a su jurisdicción en el caso. Luego de presentadas las posiciones de las partes, el 23 de marzo de 2006 el Tribunal de Apelaciones emitió una sentencia en la cual sos-tuvo que la moción de determinaciones de hechos adiciona-les presentada por Hormigonera no había interrumpido el término para apelar. Por lo tanto, el tribunal apelativo in-termedio desestimó el recurso por falta de jurisdicción. Dicha sentencia se notificó el 27 de marzo de 2006.
Hormigonera solicitó la reconsideración de dicha decisión. Luego de numerosos trámites procesales, el 30 de agosto de 2006, el Tribunal de Apelaciones emitió una re-solución mediante la cual denegó la moción de reconside-ración de Hormigonera. Dicha resolución se notificó el 8 de septiembre del mismo año.
Inconforme, Hormigonera acudió ante este Tribunal me-diante un recurso de apelación. Adujo que el Tribunal de Apelaciones incidió
...al entender que la moción solicitando determinaciones de hechos adicionales presentada por la parte peticionaria no in-terrumpió el término para apelar y que dicho foro carece de *5 jurisdicción para entender en el recurso de apelación. Apén-dice, pág. 10.
O, en la alternativa, que el Tribunal de Apelaciones erró
... al no determinar que, a[u]n si presume a modo de argu-mento que la solicitud de determinaciones adicionales [de hechos] no cumple con los requisitos para ser considerada como tal y que por lo tanto no debe atribuírsele efecto inte-rruptor en cuanto al plazo para apelar, la apelación de todas maneras fue presentada oportunamente. Id., pág. 11.
El 19 de enero de 2007 acogimos la apelación como un certiorari y emitimos una resolución concediendo a los re-curridos veinte días para que mostraran causa por la cual no debíamos expedir el auto solicitado y dictar sentencia revocatoria de la emitida por el foro apelativo intermedio. Con el beneficio de la comparecencia de las partes, proce-demos a resolver.
I
Los procedimientos judiciales ante el Tribunal de Primera Instancia finalizan cuando el juez dicta sentencia, resolviendo la cuestión ante su consideración. Una vez se notifica y se archiva en autos copia de dicha sentencia, comienza a transcurrir el término con el cual cuenta la parte peijudicada para acudir en apelación ante el Tribunal de Apelaciones. La Regla 53.1(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que el término para recurrir en apelación es de treinta días, contados desde el archivo en autos de copia de la notificación de la sentencia. Por otro lado, dicha regla concede un término de sesenta días para acudir en apelación si alguna de las partes en el pleito es el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus dependencias que no sea una corporación pública. Como es sabido, este término es de carácter jurisdiccional; en otras palabras, transcurrido el término *6 para presentar un escrito de apelación, la sentencia del tribunal de instancia se convierte en final y firme.
Sin embargo, existen mecanismos procesales posteriores a la sentencia que interrumpen el término para acudir ante el Tribunal de Apelaciones. Ejemplo de ello es la moción de enmiendas o determinaciones iniciales o adicionales. De acuerdo con la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, una parte puede solicitar del tribunal que haga enmiendas o determinaciones adicionales de hechos o de derecho siempre y cuando presente una moción al respecto dentro de los primeros diez días de archivada en autos la copia de la sentencia. Dicha moción debe ser notificada a las demás partes dentro del mismo término. El término de notificación es de cumplimiento estricto.
Una vez la parte presenta una moción de enmiendas o determinaciones adicionales, se interrumpe el término para acudir al tribunal apelativo. No obstante, la mera presentación de dicha moción no necesariamente interrumpe el término para apelar. El propósito de la Regla 43.3, ante, no es aumentar el término jurisdiccional; ese es un efecto incidental. A esos efectos, en Andino v. Topeka, Inc., 142 D.P.R. 933, 938 (1997), resolvimos que para que una solicitud de determinaciones adicionales interrumpa el término apelativo
... no basta que su título exprese que se piden tales determi-naciones de hecho o de derecho, sino que debe contener una relación, aunque sea sucinta, de cuáles son los hechos que a juicio del promovente no han sido determinados por el tribunal sentenciador, cuando deben serlo.
Así pues, cuando la parte que solicita determinaciones adicionales de hechos, de derecho o de ambos, cumple con los requisitos anteriormente expuestos, el término para re-currir en apelación “comenzará a correr nuevamente tan pronto se archive en autos copia de la notificación de las *7 determinaciones y conclusiones solicitadas”. Regla 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
Por otro lado, hemos resuelto que los tribunales deben ser celosos guardianes de su jurisdicción. Aun en ausencia de un señalamiento a esos efectos por las partes, los tribunales pueden, incluso, considerar dicho asunto motu proprio. Juliá et al. v. Epifanio Vidal, S.E., 153 D.P.R. 357 (2001); Vázquez v. A.R.P.E., 128 D.P.R. 153 (1991). Consecuentemente, las cuestiones de jurisdicción deben ser resueltas con preferencia. Si un tribunal se percata que no tiene jurisdicción, tiene que declararlo y desestimar el caso. Carattini v. Collazo Syst. Analysis, Inc., 158 D.P.R. 345 (2003); Vega et al. v. Telefónica, 156 D.P.R. 584 (2002).
II
En el caso hoy ante nuestra consideración, Hormigonera presentó una moción de determinaciones de hechos que contiene treinta y tres hechos adicionales. El tribunal de instancia emitió una extensa resolución en la cual descartó dicha moción porque los hechos “fueron adjudicados con-forme a la prueba presentada y la Sentencia del [sic] 15 de julio del [sic] 2005, como también la moción de determina-ciones adicionales no corrige errores manifiestos de hechos y de derecho”. Apéndice de la Apelación, Ira pieza, pág. 233. Como expresáramos anteriormente, expresó dicho foro, además, que la intención de Hormigonera al presen-tar la moción era solamente interrumpir el término y que por esa razón el término para acudir en apelación no que-daba interrumpido. El Tribunal de Apelaciones, en su Sen-tencia de 23 de marzo de 2006, coincidió con dicha apreciación.
Erraron ambos foros al así resolver. Entre los requisitos que hemos implementado —tanto para las senten- *8 cias que emiten los tribunales, como para las mociones que presentan las partes, incluyendo la controversia que hoy nos ocupa— no existe, ni puede existir, un requisito que imponga la perfección. Nuestra jurisprudencia es clara en cuanto a lo que constituye una correcta moción de determi-naciones de hechos adicionales. En cuanto a la Regla 43.3 de Procedimiento Civil, ante, hemos resuelto reiterada-mente que lo necesario para que una moción de esta índole sea válida es que las determinaciones solicitadas sean es-pecíficas, que incluyan lo que el promovente estime probado y que se funden en cuestiones sustanciales relacionadas con determinaciones de hechos pertinentes o conclusiones de de-recho materiales. Véase Andino v. Topeka, Inc., ante.
En ningún momento hemos establecido, como sugieren los foros recurridos, que una moción de determinaciones de hechos adicionales no resulte procedente por razón de que el tribunal de instancia, al aquilatar la prueba, haya “des-cartado” unos hechos. Obviamente, cuando el tribunal de instancia emite una sentencia, ha ponderado y analizado todos los hechos y el derecho del caso ante su consideración. Ilógico, entonces, sería avalar el argumento de los foros recurridos de que la moción de determinaciones adicionales de hechos es improcedente, de acuerdo con nuestro ordenamiento jurídico, porque el tribunal ya había considerado y descartado los hechos propuestos en la refe-rida moción.
Ese es, precisamente, el propósito de la moción de determinaciones adicionales de hecho: solicitar que se incluyan en la sentencia hechos adicionales que la parte estimó probados —por haber formado parte de la prueba desfilada y considerada por el juez— y que no surgen de la sentencia. Por ello es imposible que una parte solicite hechos adicionales que el tribunal no haya previamente considerado o ponderado, como intiman los foros recurridos. Ello implicaría el absurdo de que la parte solicite hechos adicionales que no son parte de la controversia o que no *9 tienen nada que ver con el caso ante la consideración del tribunal de instancia. Ciertamente, la posición de los foros recurridos no puede subsistir.
Por otro lado, el tribunal de instancia expresó que la intención de Hormigonera, al presentar la moción de determinaciones de hechos adicionales, era interrumpir el término para recurrir en apelación. Los tribunales de instancia no deben entrar en la consideración de este aspecto y descartar los requisitos que hemos establecido en relación con la aplicación de la referida moción. Hemos resuelto, ciertamente, que la moción de determinaciones de hechos adicionales no tiene el propósito de aumentar el término para acudir en apelación. Andino v. Topeka, Inc., ante. No obstante, si la moción presentada cumple con los requisitos que hemos establecido jurisprudencialmente, el término para apelar se interrumpe independientemente de la supuesta intención de la parte al presentarla.
Por lo tanto, examinada la moción de determinaciones de hechos adicionales presentada por Hormigonera, consi-deramos que dicha moción resulta procedente en derecho. Si bien es correcto que alguna de las determinaciones de hechos solicitadas ya formaban parte de la sentencia emi-tida por el tribunal de instancia, en la moción se propusie-ron hechos específicos que no se habían incluido en dicha sentencia. Una lectura de las determinaciones de hechos adicionales solicitadas nos persuade de que éstas eran per-tinentes al caso, por lo que podrían hacer de la sentencia una más completa y mejor formulada, precisamente uno de los propósitos para solicitar las determinaciones de hechos adicionales.
De todas maneras, si el tribunal de instancia entendía que no resultaba procedente acoger ninguna de las determinaciones de hechos propuestas por Hormigonera, ello no convertía la moción de determinaciones adicionales de hechos en ineficaz. Después de todo, los tribunales no están obligados a hacer determinaciones de hechos y de *10 derecho adicionales sólo porque una parte así lo solicite mediante una moción. Blás v. Hosp. Guadalupe, 146 D.P.R. 267 (1998).
I — I H-i
Recapitulando: el 29 de julio de 2005 Hormigonera pre-sentó oportunamente una moción de determinaciones de hechos adicionales. El 21 de noviembre de 2005 el tribunal de instancia emitió resolución mediante la cual declaró “no ha lugar” la moción de Hormigonera. Dicha resolución se notificó el 30 de diciembre de 2005. Por consiguiente, la apelación presentada el 30 de enero de 2006 estaba en tiempo.(2)
Por los fundamentos antes expuestos, procede revocar la sentencia emitida por el Tribunal de Apelaciones y devolver el caso a dicho foro para que continúen los procedi-mientos.(3)

Se dictará sentencia de conformidad.

Los Jueces Asociados Señor Fuster Berlingeri y Señora Rodríguez Rodríguez no intervinieron.

 Entre los demás demandados figuran: Royal & Sunalliance Insurance Company, Teddy Rivera Rivera, su esposa, la Sociedad Legad de Gananciales compuesta por ellos y su compañía de seguros, además de otros demandados de nombres desconocidos. Además, se encuentran como terceros demandados Guirimar Construction Corporation y su aseguradora, y la Autoridad de Carreteras y Transporta-ción y su aseguradora, entre otros terceros demandados de nombres desconocidos.

 El 29 de enero de 2006, fecha cuando se cumplieron los treinta días, era domingo; por lo tanto, el término se extendió hasta el lunes 30 de enero de 2006.

 Debido al resultado al cual hemos llegado en la presente ponencia, resulta innecesario discutir el segundo error señalado por Hormigonera.