Isla Verde Rental Equipment Corporation, demandante y recurrida, *v.* Myrna García Santiago, demandada y peticionaria.

*Número:* CC-2000-695        *Resuelto:* 31 de agosto de 2005

*Vicente Sanabria Acevedo,* abogado de la parte peticionaria; *Meter Calderón Meléndez* y *Enrique Blanco Amigo,* abogados de la parte recurrida.

PER CURIAM: Debemos resolver si procede aplicar retroactivamente la norma establecida en *Andino v. Topeka, Inc.,* 142 D.P.R. 933 (1997),[1] ante los hechos particulares del caso ante nos y tomando en consideración que nuestro deber primordial es hacer justicia.

## I

El 21 de diciembre de 1989, la Sra. Myrna García Santiago alquiló a Isla Verde Rental Equipment Corporation (Isla Verde Rental) cincuenta y cinco paneles de madera, por un período de treinta días. El alquiler de estos paneles y su acarreo ascendía a $385. Se le requirió, además, un depósito de $300 en efectivo, los cuales serían reembolsados al devolverse el material. Unos días antes de cumplirse el término pactado, la señora García Santiago se comunicó telefónicamente con Isla Verde Rental, para que recogiera los paneles. Los empleados de Isla Verde Rental acudieron al lugar, pero no se llevaron los paneles porque la señora García Santiago deseaba que se le devolviera el depósito en efectivo y ellos lo traían en cheque. Acordaron que los empleados de Isla Verde Rental regresarían con el dinero en efectivo a recoger los paneles. Como no regresaron, la señora García Santiago llamó a la Policía esa misma tarde para solicitar orientación. La Policía acudió al lugar a las

---

[1] Este caso interpreta la Regla 43.3 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III.

6:00 de la tarde y preparó un informe sobre otros servicios, Informe Núm. 268 de esa fecha.[2]

Dos meses después, el 22 de marzo de 1990, sin haberse comunicado nuevamente con la señora García Santiago, Isla Verde Rental la demandó en cobro de dinero, y adujo que ésta debía los cánones de arrendamiento de los meses de enero, febrero y marzo. Según alegó, la deuda ascendía a $765, una vez deducida la suma de $300 previamente abonada en calidad de depósito. En esa misma fecha, Isla Verde Rental solicitó la expedición de una orden de embargo —en aseguramiento de sentencia— contra un inmueble que era propiedad de la demandada. El mandamiento de embargo fue emitido por el foro de instancia el 20 de abril de 1990.

La señora García Santiago fue emplazada mediante edictos, según las disposiciones de la Regla 4.5 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, porque de acuerdo con la parte demandante, no fue posible emplazarla personalmente. Al no comparecer, se dictó sentencia en rebeldía en su contra el 19 de febrero de 1991. Sin embargo, luego de varios incidentes procesales, el 20 de septiembre de 1993 el tribunal dejó sin efecto la sentencia, porque la demandada demostró que el emplazamiento mediante edictos fue autorizado sin que se presentara una declaración jurada del emplazador sobre las diligencias realizadas para tratar de localizarla.

En esa misma fecha, el tribunal permitió a Isla Verde Rental presentar una demanda enmendada, esta vez por la cantidad de $15,675, equivalente al arrendamiento de los paneles hasta esa fecha. La demandada contestó alegando que había notificado a la demandante dentro de los treinta días dispuestos por el contrato para que recogiera los paneles y que Isla Verde Rental "compareció a recoger los paneles y se negó a recibirlos, conforme venía obligado a hacer de acuerdo con el contrato", por lo que su reclama-

---

[2] Los hechos surgen de la exposición narrativa estipulada por las partes, que obra en los autos originales del caso, y de los escritos de ambas partes.

ción "va en contra de sus propios actos". Apéndice, *exhibit* 8, pág. 11. Además, reconvino para alegar que: (1) se le retuvo injustificadamente la cantidad de $300 que había entregado en concepto de depósito; (2) la arrendadora demandante le causó daños al embargar ilegalmente un inmueble de su propiedad para asegurar una sentencia que fue dejada sin efecto por no haberse adquirido jurisdicción sobre su persona, y (3) se vio impedida de vender ese inmueble a causa del embargo, lo cual le causó daños económicos por $55,000. La demandante pidió, además, $5,000 por sufrimientos y angustias mentales, y por gastos y honorarios.

El 15 de junio de 1995 se celebró la vista en su fondo. El 28 de diciembre de 1995 el tribunal dictó sentencia en la que declaró "con lugar" la demanda y denegó la reconvención. El tribunal de instancia concluyó que se celebró entre las partes un contrato de arrendamiento, que Isla Verde Rental cumplió con su obligación de entregar el objeto del contrato y que la demandada "pagó el primer plazo, no así los siguientes". Señaló que la demandada "admitió el día del juicio que sólo había pagado el canon correspondiente a un mes". Relación del caso, determinaciones de hechos, conclusiones de derecho y sentencia, pág. 2. Condenó entonces a la parte demandada al pago de $355 mensuales por cada uno de los meses transcurridos desde el 21 de diciembre de 1990 hasta el 21 de enero de 1996; es decir, un total de $29,820, comprendiendo de esa forma el mes de arrendamiento pactado y todos los meses subsiguientes hasta que la sentencia advino final y firme. La parte demandada presentó oportunamente una moción sobre determinaciones de hechos adicionales y conclusiones de derecho, que fue denegada el 22 de febrero de 1996.[3]

---

[3] Según reconoció el Tribunal de Apelaciones en su primera sentencia, "[a] pesar de que el foro judicial de primera instancia denominó un breve párrafo de su dictamen 'determinaciones de hechos', lo cierto es que lo allí contenido no tiene tal alcance y que dicha sentencia carece de las determinaciones de hechos correspondientes". Sentencia del Tribunal de Circuito de Apelaciones de 25 de febrero de 2000, pág. 6.

Acudió, entonces, al Tribunal de Apelaciones mediante un recurso de apelación presentado el 25 de marzo de 1996. Luego de varias órdenes para que contestara el escrito de apelación, y habiéndose sometido la exposición narrativa estipulada, Isla Verde Rental presentó su alegato finalmente el 10 de noviembre de 1998, casi dos años después de haber sido presentada la apelación.

El tribunal apelativo dictó sentencia para revocar al tribunal de instancia, con el voto disidente de uno de los jueces que entendió que el tribunal apelativo no tenía jurisdicción a la luz del caso *Andino v. Topeka, Inc.*, supra.[4] Inconforme, Isla Verde Rental solicitó la reconsideración y el tribunal dictó sentencia en reconsideración el 7 de julio de 2000. Acogió entonces los argumentos de la anterior opinión disidente y resolvió que carecía de jurisdicción para atender el recurso. De esta forma, quedó vigente la sentencia del Tribunal de Primera Instancia.[5] La peticionaria, señora García Santiago, presentó un auto de *certiorari* ante este Tribunal el 9 de agosto de 2000, alegando lo siguiente:

> *Erró gravemente el Tribunal de apelaciones al desestimar el Recurso por, alegadamente, no haber cumplido nuestra Moción Solicitando Determinaciones Adicionales de Hechos y Conclusiones de Derecho con lo expuesto en el caso de Andino v. Topeka, Inc.*, supra, ... *sin tomar en consideración que dicho caso fue resuelto más de un año después de haberse radicado la Apelación.* (Énfasis suplido.) Petición de *certiorari*, pág. 4.

El 30 de octubre de 2000 le ordenamos a la parte recurrida mostrar causa por la cual no debíamos expedir el auto y revocar la sentencia dictada en este caso. El 15 de noviembre los recurridos presentaron su escrito en cumplimiento de orden. Con el beneficio de los argumentos de

---

[4] Ese caso, resuelto por el Tribunal Supremo el 10 de abril de 1997, más de un año después de haberse presentado el recurso ante el Tribunal de Apelaciones, aclara que una moción sobre determinaciones adicionales de hechos y conclusiones de derecho, tiene que exponer con suficiencia y especificidad los hechos que el proponente estime probados para que interrumpa el término para apelar.

[5] El Juez Rodríguez García disintió.

ambas partes, expedimos el auto de *certiorari* y resolvemos.

## II

Es deber ineluctable de este Tribunal lograr que "todo proceso adjudicativo se orient[e] en hallar la verdad y hacer justicia". *Valentín v. Mun. de Añasco*, 145 D.P.R. 887, 897 (1998). Véanse: *Berríos v. U.P.R.*, 116 D.P.R. 88, 94 (1985); *J.R.T. v. Aut. de Comunicaciones*, 110 D.P.R. 879, 884 (1981).

En más de una ocasión hemos expresado que una decisión puede tener tanto un efecto prospectivo como retroactivo. *Rexach Const. Co., Inc. v. Mun. de Aguadilla*, 142 D.P.R. 85, 87 (1996). Esto, por razón de que "la absoluta retroactividad sería la muerte de la seguridad y la de la confianza pública, y la absoluta irretroactividad sería la muerte del desenvolvimiento del derecho". R. Calderón Jiménez, *Retroactividad o prospectividad de las decisiones de los tribunales*, 53 (Núms. 2–3) Rev. C. Abo. P.R. 107, 115 (1992), citando a J.M. Manresa y Navarro, *Código Civil Español*, 7ma ed., Madrid, Ed. Reus, 1956, T. I, pág. 159; *Datiz v. Hospital Episcopal*, 163 D.P.R. 10 (2004); *Quiles Rodríguez v. Supte. Policía*, 139 D.P.R. 272, 277 (1995). Los criterios establecidos para declarar la aplicación retroactiva o prospectiva de una determinación judicial son: "(1) el propósito que persigue la nueva regla para determinar si su retroactividad lo adelanta; (2) la confianza depositada en la antigua norma, y (3) el efecto de la nueva regla en la administración de la justicia." *Quiles Rodríguez v. Supte. Policía*, supra, pág. 277. Véase *Rexach Const. Co., Inc. v. Mun. de Aguadilla*, supra, pág. 88.

En muchas ocasiones hemos dado vigencia prospectiva a ciertas doctrinas jurídicas. *Gorbea Vallés v. Registrador*, 131 D.P.R. 10, 16 (1992); *Correa Vélez v. Carrasquillo*, 103 D.P.R. 912, 918 (1975); *Rivera Escuté v. Jefe Penitenciaría*, 92 D.P.R. 765, 782 (1965). El criterio utili-

zado para optar por una de las alternativas "muchas veces es *ad hoc*, dependiendo de la situación fáctica, circunstancias del caso en particular y consideraciones de equidad y hermenéutica. Varias son las alternativas. Podríamos negarnos a imprimirle efecto retroactivo a una regla para, a manera de excepción, proteger solamente un interés en particular". *Gorbea Vallés v. Registrador*, supra, pág. 16. Véanse: *Pueblo v. Báez Cintrón*, 102 D.P.R. 30, 36–37 (1974); *Pueblo v. París Medina*, 101 D.P.R. 253 (1973); *Rivera Escuté v. Jefe Penitenciaría*, supra. La decisión sobre la aplicación retroactiva de una norma jurisprudencial constituye un ejercicio discrecional basado en "consideraciones de política pública y orden social, [ya que nuestro propósito] debe ser 'conceder remedios justos y equitativos que respondan a la mejor convivencia social' ". *Gorbea Vallés v. Registrador*, supra, págs. 16–18. Véanse: *Datiz v. Hospital Episcopal*, supra; *Rexach Const. Co., Inc. v. Mun. de Aguadilla*, supra. En última instancia, la determinación se fundamentará "a la luz de los hechos y las circunstancias particulares de cada caso". Íd. Véanse, también: *Quiles Rodríguez v. Supte. Policía*, supra, pág. 277; *Gorbea Vallés v. Registrador*, supra, y otros casos allí citados.

▪ La Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, concede a las partes la oportunidad de solicitar al tribunal sentenciador unas determinaciones de hechos y conclusiones de derecho iniciales, o enmendar o hacer unas determinaciones adicionales de hechos y conclusiones de derecho, y enmendar la sentencia de conformidad. Esta regla fue interpretada por este Tribunal en el caso *Andino v. Topeka, Inc.*, supra, para aclarar que para que una moción a estos efectos interrumpa el término para acudir al Tribunal de Apelaciones, tiene que contener una "propuesta que exponga, con suficiente particularidad y especificidad, los hechos que el promovente estima probados, y fundarse en cuestiones sustanciales relacionadas con determinaciones de hecho pertinentes o conclusiones de derecho materiales". (Énfasis suprimido.) *Andino v. Topeka, Inc.*,

supra, págs. 939–940, citando a J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1979, Vol. II, pág. 230.

■  Hemos dicho que "[a]l interpretar las Reglas de Procedimiento Civil hay que tener presente, como principio rector, que éstas no tienen vida propia, sólo existen para viabilizar la consecución del derecho sustantivo de las partes. Para poder impartir justicia al resolver los reclamos de las partes, el tribunal debe hacer un balance equitativo entre los intereses en conflicto ejerciendo especial cuidado al interpretar las reglas procesales para que éstas garanticen una solución *justa, rápida y económica* de la controversia". (Énfasis en el original.) *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807, 816 (1986). Véanse: Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Lluch v. España Service Sta.*, 117 D.P.R. 729 (1986). De la misma forma explicamos en *García Negrón v. Tribunal Superior*, 104 D.P.R. 727, 729 (1976), que "la función ineludible de este Tribunal consiste en darle vigencia a la norma conforme a este elemento teleológico en su aplicación a casos concretos".

Antes de *Andino v. Topeka, Inc.*, supra, no habíamos hecho una interpretación detallada de la Regla 43.3 de Procedimiento Civil, *supra*, limitándonos en vez a exponer que como consecuencia de la utilización de este recurso se interrumpiría el término para acudir en revisión. En el caso ante nuestra consideración, la peticionaria presentó oportunamente una moción sobre determinaciones de hechos y conclusiones de derecho adicionales al amparo de la Regla 43.3 de Procedimiento Civil, *supra*, y al ser ésta denegada, sometió un escrito de apelación ante el foro intermedio. A ese momento no se había resuelto el caso *Andino v. Topeka, Inc.*, supra. La peticionaria "estaba confiando en la rutina jurídica de los tribunales y los abogados" vigente hasta entonces. *Datiz v. Hospital Episcopal*, supra. En efecto, no decidimos el caso *Andino v. Topeka,*

*Inc.*, supra, hasta un año después de haberse presentado la apelación.

Atendidas las circunstancias particulares del caso ante nuestra consideración y para lograr cumplida justicia, resolvemos que no debió aplicarse la interpretación de la Regla 43.3 de Procedimiento Civil, *supra*, que adoptamos en *Andino v. Topeka, Inc.*, supra. Por ende, no se debió penalizar a la peticionaria, porque su moción de determinaciones adicionales no cumplía con los criterios adoptados en ese caso, y erró el Tribunal de Apelaciones al no asumir jurisdicción en este caso.

## III

Procedemos a resolver los méritos del caso que nos ocupa. El contrato entre Isla Verde Rental y la señora García Santiago expresa lo siguiente:

> A los paneles no se les puede abrir barrenos ni dar cortes. *El material se alquila con un uso máximo de 30 días*, en cuya fecha, el cliente, si no ha terminado de usar el material, deberá pasar por nuestra oficina a pagar otra mensualidad y repetir el proceso de nuevo sucesivamente *el cliente avisará personal o telefónicamente la fecha de recogida del material*, que deberá estar limpio de clavos y cemento, sin huecos ni roturas y en el lugar accesible para su acarreo. En caso de deterioro de algún material deberá abonarse el importe del mismo. (Énfasis suplido.) Contrato, según citado en Sentencia del Tribunal de Circuito de Apelaciones de 25 de febrero de 2000, pág. 9.

La señora García Santiago cumplió con las condiciones de alquiler convenidas. Al terminar de utilizar los paneles se comunicó telefónicamente con Isla Verde Rental para que procedieran a recogerlos. Tan es así, que Isla Verde Rental envió empleados a recoger los paneles, aunque luego no se los llevaron. Alega Isla Verde Rental que la señora García Santiago no quiso aceptar la devolución del depósito en cheque. Ello es cierto, pero Isla Verde Rental no hizo ninguna otra gestión para recuperar sus paneles, simplemente esperó que transcurrieran dos meses para en-

tonces demandar en cobro de los cánones que alegadamente se le adeudaban.

Concluimos que la demandada expresó, de manera indubitada, que no tenía intención de continuar el arrendamiento. Por el contrario, llamó por teléfono a Isla Verde Rental para que enviara a sus empleados a recoger los paneles. De esa forma, la demandada cumplió con lo único que le exigía el acuerdo entre las partes para dar por terminado el contrato. Por su parte, el arrendador mandó a buscar los paneles, reconociendo de esa forma que el arrendamiento había terminado. Ello no obstante, no hizo gestión posterior alguna para recoger el material arrendado, obligación que le correspondía, según los términos claros del contrato. El foro sentenciador no hizo referencia alguna en su sentencia al contenido específico del contrato entre las partes, como tampoco hizo alusión a los intentos de la demandada de darlo por terminado y lograr que la demandante recogiera los paneles, según acordado. No acertamos a comprender la determinación de dicho foro en cuanto a que la demandada pagó tan sólo el primer plazo mas no los subsiguientes, habida cuenta de que el contrato tenía duración *máxima* de un mes.

Por lo anterior, resolvemos que el tribunal sentenciador erró al determinar que la señora García Santiago debía a Isla Verde Rental la suma de $29,820, correspondientes al alquiler de los paneles hasta la fecha cuando se dictó sentencia. También erró el tribunal al desestimar, sin más, la reconvención de la parte demandada. De igual forma erró el Tribunal de Apelaciones al negarse a ejercer su jurisdicción para revisar la sentencia de instancia, fundamentándose en que la moción de determinación de hechos adicionales presentada en este caso no había interrumpido el término para presentar la apelación. Según explicamos, consideraciones de justicia sustancial impiden la aplicación retroactiva de la doctrina de *Andino v. Topeka, Inc.*, supra, a este caso. *Revocamos, pues, la sentencia apelada y la sentencia del foro de instancia. Se dicta sentencia para declarar "no ha lugar" a la demanda de Isla Verde Rental y*

*se devuelve el caso al Tribunal de Primera Instancia para que adjudique lo procedente en torno a la reconvención.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Hernández Denton y el Juez Asociado Señor Rebollo López concurrieron con el resultado sin opinión escrita. El Juez Asociado Señor Rivera Pérez se inhibió.