EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Condado 3, LLC <br><br> Recurrido <br><br> v. <br><br> Homero González López *et al.* | Certiorari <br><br> 2020 TSPR 25 <br><br> 204 DPR \_\_\_\_ |

Número del Caso: CC-2020-54


Fecha: 5 de marzo de 2020


Tribunal de Apelaciones:

     Panel I


Abogada de la parte peticionaria:

     Lcda. Raquel E. Torres Reyes



Abogada de la parte recurrida:

     Lcda. Ana J. Bobonis Zequeira




Materia: Resolución del Tribunal con Voto Particular Disidente.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO
SALA I

Condado 3, LLC

     Recurrido

                    CC-2020-54      *Certiorari*

       v.

Homero González López *et al.*

     Peticionarios

Sala de Despacho integrada por la Jueza Presidenta Oronoz Rodríguez, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón.

RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de marzo de 2020.

A la petición de *certiorari*, se provee no ha lugar.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez expediría y emitió un Voto particular disidente

                   José Ignacio Campos Pérez
                   Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Condado 3, LLC

    Recurrido

        v.                    CC-2020-0054    *Certiorari*

Homero González López y otros

    Peticionarios

La Jueza Presidenta Oronoz Rodríguez emitió un Voto particular disidente.

En San Juan, Puerto Rico, a 4 de marzo de 2020.

Reitero mi oposición a que esta Curia deniegue atender los reclamos de ciudadanas y ciudadanos que exigen el cumplimiento de las garantías mínimas que confiaron ostentar al amparo del ordenamiento jurídico vigente al momento en que acudieron a nuestros tribunales. Conforme a los fundamentos que expuse en mi Opinión disidente en <u>DLJ Mortgage Capital, Inc. v. Santiago Martínez</u>, 2019 TSPR 129, 202 DPR ___ (2019), insisto en que la eliminación *de facto* de la figura del retracto de crédito litigioso en los procedimientos de ejecución de hipoteca, según lo interpretó una mayoría de este Tribunal, es contraria a los derechos estatutarios garantizados por nuestras leyes. Además, me preocupa grandemente

la aplicación retroactiva de la norma esbozada en DLJ Mortgage Capital, Inc., supra.

En el pasado, hemos expresado que "la aplicación retroactiva de una norma jurisprudencial constituye un ejercicio discrecional basado en consideraciones de política pública y orden social, [ya que nuestro propósito] debe ser 'conceder remedios justos y equitativos que respondan a la mejor convivencia social'". Isla Verde Rental v. García, 165 DPR 499, 506 (2005), citando a Gorbea Vallés v. Registrador, 131 DPR 10, 16-18 (1992). Esto último, debido a que la "'absoluta retroactividad sería la muerte de la seguridad y la de la confianza pública […]'". Quiles Rodríguez v. Supte. Policía, 139 DPR 272, 277 (1995), citando a R. Calderón Jiménez, *Retroactividad o prospectividad de las decisiones de los tribunales*, 53, Núms. 2-3, Rev. C. Abo. P.R. 107, 115 (1992).

Cónsono con ese principio, hemos reiterado que, en aras de aplicar una norma jurisprudencial retroactivamente, debemos considerar: (1) el propósito que persigue la nueva regla para determinar si su retroactividad lo adelanta; (2) la confianza depositada en la antigua norma, y (3) el efecto de la nueva regla en la administración de la justicia. Isla Verde Rental Equipment v. García, supra, pág. 505; Rodríguez v. Superintendente de la Policía, supra.

El estado de Derecho previo a la norma jurisprudencial que se implementó bajo nuestra interpretación en DLJ Mortgage Capital, Inc., supra, era uno totalmente distinto al que este Tribunal implementó al momento en que se publicó dicha Opinión. Hasta esa fecha, las personas que confrontaban litigios de ejecución de hipoteca confiaban plenamente en la protección conferida por el Art. 1425 del Código Civil de Puerto Rico, 31 LPRA sec. 3950, como una alternativa presuntamente válida en Derecho desde su inserción en 1930 en el Código Civil. No había razón lógica alguna para que los reclamantes de esta garantía cuestionaran y previeran su eventual inaplicabilidad al amparo de la Ley de Transacciones Comerciales, Ley Núm. 208-1995, 19 LPRA sec. 401 *et seq.* Ese ejercicio interpretativo en el que se cuestionó el estado de Derecho vigente lo realizó una mayoría de este Tribunal por primera vez en DLJ Mortgage Capital, Inc., supra.

En el caso que hoy denegamos atender, los peticionarios solicitaron el retracto del crédito en litigio oportunamente a siete días desde que el nuevo adquirente les notificó de su tenencia. Previo a que una mayoría de esta Curia expresara la nueva norma, según dispuesto en DLJ Mortgage Capital, Inc., supra, el Tribunal de Primera Instancia dictó una Resolución en la que confirmó la validez de ese retracto, adjudicó la titularidad del pagaré a los peticionarios y condicionó su entrega a determinar si el recurrido era, en efecto, el

tenedor actual del pagaré. Ese dictamen se emitió revestido de la finalidad y firmeza que dicta la doctrina de la ley del caso. Fue precisamente en esa etapa de los procedimientos en que este Tribunal resolvió DLJ Mortgage Capital, Inc., supra, lo que provocó que el recurrido sometiera una moción de reconsideración al amparo de la nueva norma jurisprudencial. El foro primario acogió la misma y desestimó la demanda.

Realmente, los peticionarios fueron desdichados al aplicársele la norma jurisprudencial nueva antes de que el foro primario dictara Sentencia sobre un asunto colateral a su reclamo. Al igual que miles de puertorriqueñas y puertorriqueños, los peticionarios confiaron totalmente en una figura aplicable y establecida desde su inserción en el Código Civil de Puerto Rico de 1930. Estos ostentaban una expectativa de que el Derecho les favorecía y no tenían razón alguna para dudarlo. Por ello, incurrieron en gastos y contratiempos en la búsqueda de justicia ante nuestro sistema de Tribunales. Me parece insostenible para la administración efectiva de esa justicia que estas personas se queden sin su remedio por la instauración de una norma jurisprudencial nueva cuya aplicación retroactiva no adelanta propósito apremiante alguno.

Por último, hemos señalado anteriormente que no es un requisito expresar en la Opinión que establece la norma judicial nueva que su efecto será únicamente prospectivo.

Datiz v. Hospital Episcopal, 163 DPR 10, 19 (2004). Razones de justicia, así como la confianza depositada en una norma aestatutaria casi centenaria, nos deberían inclinar a decidir que DLJ Mortgage Capital, Inc., supra, **no debe tener efectos retroactivos.**

Maite D. Oronoz Rodríguez
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Condado 3, LLC

    Recurrido

       v.                          CC-2020-0054

Homero González López y otros

    Peticionarios

RESOLUCIÓN
(*Nunc Pro Tunc*)

En San Juan, Puerto Rico, a 10 de marzo de 2020.

Se enmienda *Nunc Pro Tunc* el Voto particular disidente que emitió la Jueza Presidenta Oronoz Rodríguez el 4 de marzo de 2020 a los únicos efectos de corregir la fecha en que fue emitido. La fecha debió leer 5 de marzo de 2020.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo